# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **ELVIS L. JOHNSON,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case number 4:04cv1374 TCM |
| **UNKNOWN HALTON, UNKNOWN WALTON, and UNKNOWN BROC,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is again before the Court on a motion by defendants, Unknown Halton, Unknown Walton, and Unknown Broc, to dismiss the case on the grounds that the pro se plaintiff, Elvis L. Johnson, has failed to make the disclosures required by paragraph 2 of the Case Management Order and has failed to comply with this Court's other order specifically directing him to make the required disclosures. In this latter Order, entered on May 2, 2005, the Court cautioned Plaintiff that failure to comply with the Order could result in the dismissal of this action.

In addition to the failures cited above, Plaintiff has failed to respond to Defendants' motion to dismiss.

By failing to provide Defendants with the required discovery after their motion to compel was granted, Plaintiff risks sanctions under Rule 37 of the Federal Rules of Civil Procedure. By failing to comply with this Court's Case Management Order and with its May 2 Order, Plaintiff risks sanctions under Rule 41(b) (authorizing a court to dismiss an action for failure of a plaintiff to prosecute or to comply with the Rules of Civil Procedure).

It is well established that a plaintiff's pro se status does not excuse him from compliance with court orders and the Federal Rules of Civil Procedure. **Lindstedt v. City of Granby**, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam); **Ackra Direct Marketing Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996); **Brown v. Frey**, 806 F.3d 804 (8th Cir. 1986). Sanctions for a failure to comply include monetary sanctions and dismissal. See **Martin v. DaimlerChrysler Corp.**, 251 F.3d 691, 694 (8th Cir. 2001); **Wright v. Sargent**, 869 F.2d 1175, 1176 (8th Cir. 1989) (per curiam).

Plaintiff is proceeding in forma pauperis; hence, a monetary sanction would be meaningless and would not result in his compliance with the discovery requests and orders. And, he has already been warned about the possible consequences of a failure to comply, see **Rodgers v. Curators of the Univ. of Mo.**, 135 F.3d 1216, 1222 (8th Cir. 1998), and the warning had no effect. Consequently, dismissal is the only appropriate sanction. See, e.g., **Everyday Learning Corp. v. Larson**, 242 F.3d 815, 817 (8th Cir. 2001) (affirming dismissal of action as sanction against plaintiff who continued to refuse to cooperate with discovery after court entered detailed order); **Rodgers**, 135 F.3d at 1216, 1222 (8th Cir. 1998) (affirming dismissal of action as discovery sanction after finding that any lesser sanction would have involved further delay or would have forced opposing party to try case without completing discovery).

The question the Court then must address is whether the dismissal should be with or without prejudice.

"[D]ismissal with prejudice is an extreme sanction only to be used in cases of willful disobedience of a court order or where there is a pattern of intentional delay[.]" **Good**

**Stewardship Christian Center v. Empire Bank**, 341 F.3d 794, 797 (8th Cir. 2003) (alterations added). Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. **Id.** (interim quotations omitted). In the instant case, these considerations result in a conclusion that dismissal without prejudice is the more appropriate sanction.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss [Doc. 16] is **GRANTED**.

An appropriate Order shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of July, 2005.